**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006[*]
Decided March 29, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4084

KENNETH JONES,
    *Plaintiff-Appellant,*

v.

K. BURTON, et al.,
    *Defendants-Appellees.*

Appeal from the United States District
Court for the Western District of
Wisconsin

No. 05-C- 527-C

Barbara B. Crabb,
*Chief Judge.*

**O R D E R**

Kenneth Jones, a federal prisoner, brought suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that prison employees confiscated his wristwatch in violation of his right to procedural due process under the Fifth Amendment. The district court dismissed the case at initial screening under 28 U.S.C. § 1915A(b)(1). We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

We accept as true the facts as Jones alleges them in his complaint. *Hoskins v. Lenear*, 395 F.3d 372, 373 (7th Cir. 2005). In 1998 he received a Casio watch while confined at the United States Penitentiary in Leavenworth, Kansas. The watch, which cost less than $100, has memory features and incorporates a basic calculator, but it cannot transmit or receive electronic signals. Officials at Leavenworth approved Jones's possession of this watch, which he still had when he was transferred to the Federal Correctional Institution at Oxford, Wisconsin, in 1999. At that time (and until after this lawsuit was filed), a written policy of the Bureau of Prisons permitted inmates to possess one watch so long as it was worth less than $100 and was not "electronically sophisticated, (i.e., able to send signals)." P.S. 5580.06(7)(f) (effective Aug. 6, 1999); *see* 28 C.F.R. § 553.11(f). That same policy further provided that, if an inmate was transferred to another institution where a previously authorized watch was not allowed, the "inmate shall be permitted to mail, at the receiving institution's expense, the . . . watch to a destination of the inmate's choice." *Id.* Jones was permitted to keep his Casio watch upon arriving at Oxford, and he wore it without incident until he was transferred to another facility for medical treatment in May 2004. Once again Jones was allowed to retain his watch at the new facility, but when he returned to Oxford in August 2004 it was confiscated. He was told that it was prohibited by the written policy because it was "electronically sophisticated."

Jones filed a grievance asking that his watch be released to him because, he argued, it could not "send signals" and thus was not "electronically sophisticated." The warden denied the request on the ground that the watch "has 150 pages of Telememo and Schedule memo with shared memory between the two" and therefore "is classified as an electronically sophisticated device." Jones unsuccessfully appealed to the Bureau of Prisons Regional Director and the National Inmate Appeals Administrator, who denied the appeal because "this watch's shared memory capability constitutes an ability to send signals, which renders it sufficiently electronically sophisticated to warrant prohibition." Jones then sued in federal court.

In dismissing his suit, the district court assumed that Jones possessed a constitutionally protected property interest in the watch but could not state a claim for the denial of procedural due process because the prison grievance process afforded him an adequate postdeprivation remedy to challenge its seizure. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Del Raine v. Williford*, 32 F.3d 1024, 1046 (7th Cir. 1994) (applying *Hudson*'s Fourteenth Amendment due process analysis to Fifth Amendment due process claim); *Caldwell v. Miller*, 790 F.2d 589, 608–09 (7th Cir. 1986). Jones does not contest the district court's due process analysis or challenge its conclusion that the grievance process could provide an adequate postdeprivation remedy; rather, he simply concludes that officials at

Oxford have misinterpreted the program statement, and that any outcome that does not result in the return of his watch violates his right to due process.

The adequacy of a postdeprivation remedy does not turn on the plaintiff's satisfaction with the outcome. *See generally Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990) (en banc). Jones disagrees with the interpretation of an "electronically sophisticated" watch given by officials at Oxford when he returned there in August 2004; he says that the use of "i.e." in the program statement can only mean that "electronically sophisticated" equates with the ability to "send signals." But Oxford officials concluded that the ability to "send signals" is just one example of what might make a watch electronically sophisticated, and we observe that in December 2005 the Bureau of Prisons amended the program statement so that it now reads that a permitted watch cannot have "sophisticated electronic functions, such as being able to send or receive signals." P.S. 5580.07(7)(f) (effective Dec. 28, 2005). As we have said previously, "the due process rights of prisoners are not absolute, but must be accommodated to the legitimate security needs of a corrections institution." *Caldwell*, 790 F.2d at 609. Thus, "to the extent that prison officials further their interest in security and order in a reasonable and non-arbitrary manner, property claims of inmates must give way." *Id.*

AFFIRMED.